UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TRIPPLE AAA ASSOCIATION FOR CHILDREN AND ADULTS WITH DEVELOPMENTAL DISABILITIES, SUING ON BEHALF OF ITS MEMBERS AND PEGGY POUSSON,<br><br>Plaintiff,<br><br>v.<br><br>PHILIP BAJO, M.D. and SHARP CHULA VISTA MEDICAL CENTER, LLC,<br><br>Defendants. | Civil No. 07cv954 L (JMA)<br><br>**ORDER DENYING MOTION TO DISMISS THE FIRST AMENDED COMPLAINT [doc. # 25]; DENYING ALTERNATIVE MOTION FOR MORE DEFINITE STATEMENT** |

Defendants Philip Bajo, M.D., and Sharp Chula Vista Medical Center move to dismiss the first amended complaint ("FAC") or in the alternative, for a more definite statement. The motion has been fully briefed and the Court denies the motion for the reasons set forth below.

In her FAC, plaintiff asserts that she has a physical impairment that requires her to use a walker for mobility. (FAC at ¶ 6.) On December 19, 2005, she had an appointment with Dr. Philip Bajo at his office in the Sharp Chula Vista Medical Center. When she arrived for her appointment, plaintiff needed to use the restroom. Dr. Bajo's office suite had its own restroom but it was "completely inaccessible" to plaintiff. (FAC at 6.) Within the common area of the building and outside of Dr. Bajo's office suite was another restroom that plaintiff attempted to

1 use. The door to the common-area restroom was too heavy for plaintiff to open. An unidentified
2 person opened the door for plaintiff. When she tried to open the door to exit the common-area
3 restroom, she fell and was seriously injured. Plaintiff asserts that now she must use a wheelchair
4 for mobility and is permanently disabled.

5      On May 25, 2008, plaintiff filed a complaint alleging defendant Sharp Chula Vista
6 Medical Center with violations of the Americans with Disabilities Act ("ADA"); the California
7 Accessibility laws, Civil Code Section 54 and 54.1; the Unruh Act; and negligence. Defendant
8 filed an answer and amended answer. After a case management conference order was entered,
9 the parties filed a joint motion to amend/correct plaintiff's original complaint which the Court
10 granted.

11      Plaintiff filed her first amended complaint ("FAC") on January 8, 2009, which added
12 defendant Philip Bajo, MD and clarified that her negligence claim was directed to Sharp Chula
13 Vista Medical Center only.

14      Defendants now move to dismiss the FAC or alternatively for a more definite statement
15 contending that plaintiff's negligence claim is time barred and "[i]t is not clear what the plaintiff
16 is attempting to alleged from the first amended complaint." (Dfts' Ps & As at 2.) Plaintiff has
17 opposed the motion to dismiss; however, defendants have not filed a reply to the opposition

18 **A.     MOTION TO DISMISS**

19      Pursuant to Federal Rule of Civil Procedure 12(b)(6), a complaint may be dismissed
20 against a defendant for failure to state a claim upon which relief may be granted against that
21 defendant. Dismissal may be based on either the lack of a cognizable legal theory or the absence
22 of sufficient facts alleged under a cognizable legal theory. *Balistreri v. Pacifica Police Dep't*,
23 901 F.2d 696, 699 (9th Cir. 1990); *Robertson v. Dean Witter Reynolds, Inc.*, 749 F.2d 530,
24 533-534 (9th Cir. 1984). For purposes of evaluating a motion to dismiss, the court "must
25 presume all factual allegations of the complaint to be true and draw all reasonable inferences in
26 favor of the nonmoving party." *Usher v. City of Los Angeles*, 828 F.2d 556, 561 (9th Cir. 1987).
27 Any existing ambiguities must be resolved in favor of the pleading. *Walling v. Beverly Enters.*,
28 476 F.2d 393, 396 (9th Cir. 1973).

1     Mere conclusions couched in factual allegations are not sufficient to state a cause of
2 action. *Papasan v. Allain*, 478 U.S. 265, 286 (1986); *see also McGlinchy v. Shell Chem. Co.*,
3 845 F.2d 802, 810 (9th Cir. 1988). The complaint must plead "enough facts to state a claim for
4 relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).
5 Finally, a complaint is properly dismissed under Rule 12(b)(6) where it is apparent on the face of
6 the pleading that plaintiff's claims are barred by the statute of limitations. *Jablon v. Dean Witter*
7 *& Co.*, 614 F.2d 677, 682 (9th Cir. 1980).

8     Here, defendants contend that the negligence claim in the FAC is barred by the applicable
9 statute of limitations because the claim was not included in the original complaint.

10     As noted above, the original complaint was directed to the sole defendant, Sharp Chula
11 Vista Medical Center and included a claim for negligence. (Complaint at 8, ¶¶ 28, 29.)
12 Although defendants contend that a negligence claim is found only in the FAC, which would
13 cause the negligence claim to be beyond the statute of limitation, on its face, the original
14 complaint reveals the inaccuracy of this argument. It appears that defendants recognize that
15 their argument is specious because they have not filed a reply to plaintiff's opposition.
16 Nevertheless, the incident at issue in this case occurred on December 19, 2005 and the complaint
17 was filed on May 25, 2007. The negligence claim appeared in the original complaint, which was
18 filed within the two-year limitations period for such a cause of action. *See* California Code of
19 Civil Procedures 335.1. Accordingly, defendants' motion to dismiss will be denied.

20 **B.  MOTION FOR A MORE DEFINITE STATEMENT**

21     Under the liberal federal pleading standards, all that is required of a complaint is "a short
22 and plain statement of the claim" that gives the defendant "fair notice of what the plaintiff's
23 claim is and the grounds upon which it rests." FED. R. CIV. P. 8(a); *Conley v. Gibson* , 355 U.S.
24 41, 47 (1957). Rule 12(e) of the Federal Rules of Civil Procedure provides, however, that "[i]f a
25 pleading to which a responsive pleading is permitted is so vague or ambiguous that a party
26 cannot reasonably be required to frame a responsive pleading, the party may move for a more
27 definite statement before interposing a responsive pleading." A Rule 12(e) motion for a more
28 definite statement "[is] viewed with disfavor and [is] rarely granted because of the minimal

1  pleading requirements of the Federal Rules." *Sagan v. Apple Computer, Inc.*, 874 F. Supp. 1072,
2  1077 (C.D. Cal. 1994). "A motion for more definite statement attacks unintelligibility in a
3  pleading, not simply mere lack of detail. Thus, the motion fails where the complaint is specific
4  enough to apprise defendant of the substance of the claim being asserted." WILLIAM W.
5  SCHWARZER, A. WALLACE TASHIMA & JAMES M. WAGSTAFFE, FEDERAL CIVIL PROCEDURE
6  BEFORE TRIAL § 9:349 (citations omitted); *see also Box all v. Sequoia Union High School*
7  *District*, 464 F. Supp. 1104, 1114 (N.D. Cal. 1979); *Bureerong v. Uvawas*, 922 F. Supp. 1450,
8  1461 (C.D. Cal. 1996). In the case of unintelligibility, a defendant cannot reasonably be
9  expected to frame a proper response. *Familiar, Inc. v. Edison Bros. Stores, Inc.*, 525 F. Supp.
10 940, 949 (E.D. Cal. 1981) ("A motion for a more definite statement should not be granted unless
11 the defendant cannot frame a responsive pleading"); *Cellars v. Pacific Coast Packaging, Inc.*,
12 F.R.D. 575, 578 (N.D. Cal. 1999). Moreover, courts have held that if discovery will provide the
13 detail sought by a motion for more definite statement, the motion should be denied. *Beery v.*
14 *Hitachi Home Electronics, Inc*., 157 F.R.D. 477, 480 (C.D. Cal.1993). The court has wide
15 discretion and "it is within the trial court's power to allow or to require the plaintiff to supply, by
16 amendment to the complaint or by affidavits, further particularized allegations of fact." *Warth v.*
17 *Seldin*, 422 U.S. 490, 501-502 (1975).

18  The Court finds that a more definite statement is not warranted in this case. Although not
19 a model of clarity, the FAC alleges sufficient factual detail to put defendants on notice as to the
20 substance of plaintiff's claims. Any detail that defendants contend is lacking can be obtained
21 through discovery. Accordingly, defendants' motion for a more definite statement will be
22 denied.
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

Based on the foregoing, **IT IS ORDERED**:

1. Denying defendants' motion to dismiss the first amended complaint.
2. Denying defendants' alternative motion for more definite statement.
3. Defendants shall file an answer to the FAC in accordance with Federal Rule of Civil Procedure 15(a)(3).

**IT IS SO ORDERED.**

DATED: July 23, 2009

_____
M. James Lorenz
United States District Court Judge

COPY TO:

HON. JAN M. ADLER
UNITED STATES MAGISTRATE JUDGE

ALL PARTIES/COUNSEL